Mark J. Friedman (VSB # 16808)
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD 21209
Telephone (410) 580-4153
Facsimile (410) 580-3153
mark.friedman@dlapiper.com
jodie.buchman@dlapiper.com

*Counsel to Defendant Creative Labs, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| In re: <br><br> CIRCUIT CITY STORES, INC., *et al.*, <br><br> Debtors, <br><br><br> CIRCUIT CITY STORES, INC. <br><br> Plaintiff, <br> v. <br><br> CREATIVE LABS, INC., <br><br> Defendant. | Chapter 11 <br> Case No. 08-35653 (KRH) <br> (Jointly Administered) <br><br><br><br><br> Adv. Proc. No. 09-3225-KRH |

## ANSWER TO COMPLAINT

Defendant Creative Labs, Inc. ("Creative"), by its undersigned counsel, hereby answers the Complaint filed by Plaintiff Circuit City Stores, Inc, (the "Debtor") as follows:

### Jurisdiction and Venue

1. No response to paragraph 1 of the Complaint is required since it merely alleges legal conclusions.

2. No response to paragraph 2 of the Complaint is required since it merely alleges legal conclusions.

3. No response to paragraph 3 of the Complaint is required since it merely alleges legal conclusions.

**Background**

4. Creative admits the allegations contained in paragraph 4 of the Complaint.

5. Creative lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint; accordingly, such allegations are denied.

6. Creative lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint; accordingly, such allegations are denied.

7. Creative lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 of the Complaint; accordingly, such allegations are denied.

8. Creative lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the Complaint; accordingly, such allegations are denied.

**Parties**

9. Creative admits the allegations contained in paragraph 9 of the Complaint.

10. Creative admits the allegations contained in paragraph 10 of the Complaint.

**Facts**

11. Creative admits the allegations contained in paragraph 11 of the Complaint.

12. To the extent the allegations in paragraph 12 of the Complaint seek to re-characterize the Contract, Creative states that the Contract speaks for itself. Creative denies the remaining allegations set forth in paragraph 12 of the Complaint. Except to the extent

specifically admitted in this paragraph, each and every allegation in paragraph 12 of the Complaint is DENIED.

13. To the extent the allegations in paragraph 13 of the Complaint seek to re-characterize the Contract, Creative states that the Contract speaks for itself. Creative denies the remaining allegations set forth in paragraph 13 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in paragraph 13 of the Complaint is DENIED.

14. Creative denies the allegations contained in paragraph 14 of the Complaint.

15. Creative admits the allegations contained in paragraph 15 of the Complaint only insofar as they allege that on or about May 29, 2009, the Debtors sent a letter to Creative. To the extent the allegations in paragraph 15 of the Complaint seek to re-characterize this letter, Creative states that this letter speaks for itself. Creative denies the remaining allegations set forth in paragraph 15 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in paragraph 15 of the Complaint is DENIED.

16. Creative admits the allegations contained in paragraph 16 of the Complaint only insofar as they allege that on or about July 17, 2009, the Debtors sent a letter to Creative. To the extent the allegations in paragraph 16 of the Complaint seek to re-characterize this letter, Creative states that this letter speaks for itself. Creative denies the remaining allegations set forth in paragraph 16 of the Complaint. Except to the extent specifically admitted in this paragraph, each and every allegation in paragraph 16 of the Complaint is DENIED.

17. Creative admits the allegations in paragraph 17 of the Complaint only insofar as they allege that Creative received payments from the Debtors. As to the remainder of the allegations of paragraph 17 of the Complaint, such allegations are denied. Except to the extent

specifically admitted in this paragraph, each and every allegation in paragraph 17 of the Complaint is denied.

18. Creative admits the allegations contained in paragraph 18 of the Complaint only insofar as they allege that Creative has a new value defense to the Debtors' claim. As to the remainder of the allegations of paragraph 18 of the Complaint, such allegations are denied. Except to the extent specifically admitted in this paragraph, each and every allegation in paragraph 18 of the Complaint is denied.

## COUNT I
### (BREACH OF CONTRACT)

19. The statement in paragraph 19 of the Complaint requires no responsive pleading. To the extent a responsive pleading is required, Creative incorporates by reference its response to paragraphs 1 through 18 of the Complaint.

20. Creative denies the allegations contained in paragraph 20 of the Complaint.

21. Creative denies the allegations contained in paragraph 21 of the Complaint.

22. Creative denies the allegations contained in paragraph 22 of the Complaint.

23. Creative denies the allegations contained in paragraph 23 of the Complaint.

24. Creative denies the allegations contained in paragraph 24 of the Complaint.

## COUNT II
### (TURNOVER OF PROPERTY PURSUANT TO 11 U.S.C. § 542)

25. The statement in paragraph 25 of the Complaint requires no responsive pleading. To the extent a responsive pleading is required, Creative incorporates by reference its response to paragraphs 1 through 18 of the Complaint.

26. Creative denies the allegations contained in paragraph 26 of the Complaint.

27. Creative denies the allegations contained in paragraph 27 of the Complaint.

28. Creative denies the allegations contained in paragraph 28 of the Complaint.

29. Creative denies the allegations contained in paragraph 29 of the Complaint.

30. Creative denies the allegations contained in paragraph 30 of the Complaint.

## COUNT III
### (UNJUST ENRICHMENT)

31. The statement in paragraph 31 of the Complaint requires no responsive pleading. To the extent a responsive pleading is required, Creative incorporates by reference its response to paragraphs 1 through 18 of the Complaint.

32. Creative denies the allegations contained in paragraph 32 of the Complaint.

33. Creative denies the allegations contained in paragraph 33 of the Complaint.

34. Creative denies the allegations contained in paragraph 34 of the Complaint.

35. Creative denies the allegations contained in paragraph 35 of the Complaint.

36. Creative denies the allegations contained in paragraph 36 of the Complaint.

37. Creative denies the allegations contained in paragraph 37 of the Complaint.

## COUNT IV
### (RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547(b) AND 550)

38. The statement in paragraph 38 of the Complaint requires no responsive pleading. To the extent a responsive pleading is required, Creative incorporates by reference its response to paragraphs 1 through 18 of the Complaint.

39. Creative denies the allegations contained in paragraph 39 of the Complaint.

40. Creative denies the allegations contained in paragraph 40 of the Complaint.

41. Creative denies the allegations contained in paragraph 41 of the Complaint.

42. Creative denies the allegations contained in paragraph 42 of the Complaint.

43. Creative denies the allegations contained in paragraph 43 of the Complaint.

44. Creative denies the allegations contained in paragraph 44 of the Complaint.

45. Creative denies the allegations contained in paragraph 45 of the Complaint.

46. Creative denies the allegations contained in paragraph 46 of the Complaint.

47. To the extent any of the allegations in the Complaint have not been specifically admitted or denied, they are hereby denied.

**Affirmative Defenses**

Creative generally denies any liability to the Debtor. In addition, Creative asserts the following affirmative defenses:

1. The Complaint is barred by the doctrine of setoff.

2. The Complaint is barred by the doctrine of recoupment.

3. The Complaint is barred by the doctrine of estoppel.

4. The Complaint is barred by the doctrine of waiver.

5. All alleged preferential transfers, if any, were made in the ordinary course of business or financial affairs of the Debtor and Creative and made according to ordinary business terms.

6. All alleged preferential transfers, if any, were intended by the Debtor and Creative to be a substantially contemporaneous exchange.

7. Creative gave new value to or for the benefit of the Debtor, and such value was not secured by an otherwise unavoidable security interest and on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Creative.

8. The Debtor was not rendered insolvent as a result of the alleged transfer.

9. The Complaint is barred by laches.

10. The Complaint is barred by the equitable doctrine of unclean hands.

11. The Complaint is barred by the applicable statute of limitations.

12. The Complaint is barred by the Debtor's solvency.

13. Creative has at all times acted in good faith and in accordance with its contractual and legal obligations.

14. All actions taken by Creative were justified under the circumstances.

15. All or some of the claims are barred by the conduct of the Debtor.

16. The Debtor has sustained no damages as a result of the conduct of Creative.

17. All or some of the claims are barred by the statute of frauds.

18. All or some of the claims are barred by release and/or accord and satisfaction.

19. All or some of the claims are barred by fraud.

20. The Debtor ratified all or some of the actions complained of in the Complaint.

21. The Debtor failed to mitigate its damages, if any, and any damages incurred must be barred or reduced.

22. The Debtor consented to the matters of which it now complains.

23. All or some of the claims are barred by the doctrine of illegality.

24. The Complaint fails to state a claim upon which relief can be granted.

### **Reservation of Rights**

Creative expressly reserves the right to amend this answer by way of adding affirmative defenses, counterclaims, cross-claims and/or third-party claims as additional facts are obtained through further investigation and discovery.

WHEREFORE, Creative respectfully requests that judgment be entered in favor of Creative and against the Debtor on all counts of the Complaint, and that Creative be awarded its

costs and expenses, including attorneys' fees, together with such other and further relief as this Court may deem just and proper.

                                              Respectfully submitted,

                                              **DLA PIPER LLP (US)**

Dated: April 12, 2010                       /s/
                                              Mark J. Friedman (VSB # 16808)
                                              6225 Smith Avenue
                                              Baltimore, MD 21209
                                              Telephone (410) 580-4153
                                              Facsimile (410) 580-3153
                                              mark.friedman@dlapiper.com
                                              Jamie M. Konn (VSB # 73113)
                                              500 Eighth Street, NW
                                              Washington, DC 20004
                                              Telephone (202) 799-4257
                                              Facsimile (202) 799-5257
                                              jamie.konn@dlapiper.com

                                              *Counsel to Defendant Creative Labs, Inc.*

Of Counsel:
Richard M. Kremen
Jodie E. Buchman
DLA Piper LLP (US)
6225 Smith Avenue
Baltimore, MD 21209
Telephone (410) 580-3000
Facsimile (410) 580-3001
jodie.buchman@dlapiper.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of April, 2010, I will electronically file the foregoing Answer to Complaint with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

>Daniel F. Blanks
>Douglas M. Foley
>McGuireWoods LLP
>9000 World Trade Center, 101 W. Main St.
>Norfolk, VA 23510
>Telephone (757) 640-3700
>Facsimile (757) 640-3701
>dblanks@mcguirewoods.com
>dfoley@mcguirewoods.com
>
>*Counsel for Plaintiff*

>/s/
>Mark J. Friedman